ARTHUR F. McCAULEY                     *       IN THE
1647 Ceddox Street
Baltimore, MD 21226                    *       UNITED STATES DISTRICT COURT

    Plaintiff                      *       FOR THE

v.                                     *       DISTRICT OF MARYLAND

CLARKS AUTO PARTS, INC.                *       (BALTIMORE DIVISION)
a/k/a t/a SMITTY'S AUTO/TRUCK PARTS
8229 Baltimore Annapolis Boulevard     *       CASE NO.
Pasadena, MD 21122
Serve: Resident Agent                  *
Joseph H. Rouse, Esq.
7433 Baltimore Annapolis Boulevard     *
Glen Burnie, MD 21061
                                       *
and
                                       *
SHIRLEY POWERS,
Officer, Owner-Employer                *
c/o Clarks Auto Parts, Inc.
8229 Baltimore Annapolis Boulevard     *
Pasadena, MD 21122
                                       *
and
                                       *
JEANETTE CARPENTER,
Officer, Employer and Owner            *
c/o Clarks Auto Parts, Inc.
8229 Baltimore Annapolis Boulevard     *
Pasadena, MD 21122
                                       *
    Defendants
                                       *
*     *     *     *     *     *     *     *     *     *     *     *

## COMPLAINT
## PRAYER FOR JURY TRIAL

    Now comes Plaintiff, Arthur F. McCauley, by his attorneys Harry Goldman, Jr.,

Robert G. Skeen, Goldman, Goldman, LLP, and states as follows:

## COUNT ONE

1.      Plaintiff Arthur F. McCauley, now is, and at all times relevant to this action, was, a resident of Baltimore City, Maryland, residing at 1647 Ceddox Street, Baltimore, Maryland 21226.

2.      Defendants are Clarks Auto Parts, Inc., a/k/a  t/a Smitty's Auto/Truck Parts, a corporation organized and existing under the laws of the State of Maryland, with its principal place of business located at 8229 Baltimore Annapolis Boulevard, Pasadena, Maryland 21122 in Anne Arundel County, Maryland, and, at all times mentioned in this Complaint, maintained its place of business at 8229 Baltimore Annapolis Boulevard, Pasadena, Maryland, Anne Arundel County, where it was engaged in the business of motor vehicle supplies and new parts wholesaling as a merchant selling auto parts and accessories to stores.

3.      At all times mentioned in this Complaint, Plaintiff was an employee of Defendant and brings this action to recover unpaid minimum wages, overtime compensation, liquidated damages, attorneys fees, interest and costs under the provisions of Section 16(b) of the Fair and Labor Standards Act of 1938, as amended (29 USCA §§ 201 et seq.), herein referred to as The Act.

4.      Since on and before November 23, 2007 to June 11, 2010, Plaintiff was continually employed by Defendant in Defendant's place of business on the basis of an oral contract, whereby Plaintiff agreed to work 63 hours per week at a set and determined amount of compensation, Defendant, after entering into the employment contract with Plaintiff, required Plaintiff to work hours in excess of 40 hours per week

namely 63, and has failed and refused to pay compensation for the labor and hours in excess of 40 hours per week as performed by Plaintiff.

5.      As stated, Defendant Employer sells motor vehicle supplies and new parts on a wholesale basis to automobile parts and accessories stores.  Furthermore, Defendant, at all times material, had an annual gross volume of sales of not less than Five Hundred Thousand Dollars ($500,000.00), exclusive of excise taxes at the retail level.  For this reason, Defendant, at all times material, was an enterprise engaged in commerce or in the production of goods for commerce as defined in Section 3(s) of the Act (29 USCA § 203(s) and, for this reason, Plaintiff was employed by an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act.

6.      The individual Defendants, Powers and Clark, as owners and operators of the corporate Defendant constitute "employers" within the meaning of the Act and are therefore liable herein.

7.      The records concerning the number of hours Plaintiff was required to work overtime for which Plaintiff has not been compensated are in the exclusive possession and control of the Defendant and Plaintiff does not know at this time the exact amount owing to Plaintiff.  To the best of Plaintiff's knowledge however, the amount owed to Plaintiff is at least the sum of Thirty Two Thousand Five Hundred Eighty Five Dollars ($32,585.00).

8.      Plaintiff also seeks liquidated damages on the grounds that Defendants failure to comply with the minimum wage and overtime provisions of the Act was not in good faith and they had no reasonable grounds for believing that this omission was not

in violation of the Act, so that the Plaintiff is entitled to liquidated damages pursuant to 29 USCA § 260.

9.      By reason of Defendant's refusal to pay overtime due Plaintiff, it has been necessary for Plaintiff to employ an attorney to prosecute this action and a reasonable charge for Plaintiff's attorneys fees as determined by the Court is requested.

WHEREFORE, Plaintiff requests:

A.      Judgment against Defendant in the amount of Sixteen Thousand Two Hundred Ninety Two Dollars and Fifty Cents ($16,292.50) for overtime compensation together with liquidated damages in equal amount;

B.      Award to Plaintiff of costs under the provisions of the Fair Labor Standards Act of 1938 as amended;

C.      Award to Plaintiff of attorneys fees for prosecuting this action; and

D.      Such other and further relief as this Court deems just and equitable, including interest.

## COUNT TWO

Plaintiff repeats, realleges and incorporates by reference herein the factual allegations of Count One.

1.      In the alternative, this Count has pendent and ancillary jurisdiction, under Section 3-420(c)(2) of the Labor and Employment Article of the Maryland Code, of Plaintiff's claim in the event that the Employer is  found exempt from the overtime provisions of the Federal Act.

2.      Plaintiff worked in excess of 60 hours per week during the relevant period.

WHEREFORE, Plaintiff prays Judgment and the relief prayed in Count One hereof.


November 24, 2010
           DATED


                                        /s/ Harry Goldman, Jr.
                                        Harry Goldman, Jr.
                                        Federal Bar No. 2613


                                        /s/ Robert G. Skeen
                                        Robert G. Skeen
                                        Federal Bar No. 8789
                                        Skeen, Goldman, LLP
                                        11 E. Lexington Street, 4th Floor
                                        Baltimore, MD 21202
                                        410-837-4222
                                        Attorneys for Plaintiff


C:\GSWLAW\C\WC\MCCAULEY.A\COMPLAINT.doc